UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACQUELINE SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-01125-SEB-CSW |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO REMAND**

Now before the Court is Plaintiff's Motion to Remand [Dkt. 15]. On May 24, 2024, Plaintiff Jacqueline Scott filed her complaint against Defendants in the Marion Superior Court under Case Number 49D06-2405-PL-023738. On July 8, 2024, Defendant State Farm Fire and Casualty Company ("State Farm") removed this matter to our court on the basis of diversity jurisdiction, claiming that Ms. Scott fraudulently joined the non-diverse Defendants, State Farm insurance agents Eric Kwiatkowski and Ronette Jamison, such that their domiciles should be ignored in assessing whether complete diversity among the parties exists. Plaintiff now seeks remand, arguing both that State Farm has failed to satisfy the heavy burden to establish fraudulent joinder and that State Farm's removal notice is defective because it does not indicate that Defendants Kwiatkowski and Jamison consent to the removal. For the reasons detailed below, we GRANT Plaintiff's Motion to Remand.

1

## Factual Background

Ms. Scott maintained and paid the premiums of a personal articles insurance policy with State Farm numbered 14-EQ-K315-2 with effective dates from October 16, 2022 to October 16, 2023 (the "Policy"). Dkt. 1-2 ¶ 5. The policy provided insurance coverage for four pieces of jewelry—a pendant, two designer wristwatches, and a diamond tennis necklace—which had a total appraised value of $139,650.00 (the "Personal Property"). *See id.* ¶ 7. On March 28, 2023, Ms. Scott's apartment was burgled, and she filed a claim under the Policy for the loss of the Personal Property, which was stolen during the burglary. *Id.* ¶¶ 16–19.

Ms. Jemison was the State Farm claims handler who investigated and adjusted Ms. Scott's claim under the Policy. *Id.* ¶ 21. Pursuant to the conditions of the Policy, Ms. Scott identified the four pieces of jewelry covered by the Policy in a proof of loss submitted to State Farm and in the course of the claim handling process has produced all documents and materials requested that were available to her. *Id.* ¶¶ 22, 26. Ms. Scott was also examined under oath on two occasions and provided a recorded statement regarding her claim. *Id.* ¶ 26. Ms. Scott alleges that, despite having insufficient information to deny the claim, State Farm and Ms. Jemison have failed to issue coverage for the covered loss and to pay the proceeds to which she is entitled under the Policy. *Id.* ¶¶ 23–25. Ms. Scott further alleges that State Farm and Ms. Jemison acted in bad faith in handling her claim under the Policy by making accusations against Ms. Scott without sufficient evidence; making an unfounded refusal to pay policy proceeds; repeatedly ignoring Ms. Scott's compliance with the terms and conditions of the Policy; and

requesting that Ms. Scott produce unnecessary, duplicative, and irrelevant materials to cause an unfounded delay in making payment or otherwise processing her claim. *Id.* ¶ 28.

Mr. Kwiatkowski was the agent of record who sold Ms. Scott the Policy. In October 2022, prior to Ms. Scott purchasing the Policy, Mr. Kwiatkowsi told her that "entering into the Policy would ensure coverage to [her] for the Personal Property in the event of a covered loss." *Id.* ¶ 9. Ms. Scott alleges that, at the time he made this statement, Mr. Kwiatkowski knew that because Ms. Scott is a Black woman, State Farm was likely to subject her to greater suspicion and be more likely to deny her coverage if she made a claim on the Policy, but intentionally told her that the Policy would provide her coverage, intending to fraudulently induce her into purchasing the Policy and to defraud her of the Policy premiums. *Id.* ¶¶ 12–14. Ms. Scott relied on Mr. Kwiatkowski's statement in purchasing the Policy with State Farm. *Id.* ¶ 15.

Based on these facts, Ms. Scott alleges breach of contract and bad faith claims against State Farm, a fraud claim against Mr. Kwiatkowski, and a bad faith claim against Ms. Jamison. As discussed above, Ms. Scott originally filed this action in Marion Superior Court. State Farm removed the case to this court on July 8, 2024, on grounds that the Court could exercise diversity jurisdiction over Ms. Scott's claims because the non-diverse Defendants—Mr. Kwiatkowski and Ms. Jamison—were fraudulently joined. There is no indication whether Mr. Kwiatkowski and Ms. Jamison consented to the removal. Now before the Court is Ms. Scott's motion to remand, which motion is briefed and ripe for ruling.

**Legal Analysis**

I.  **Applicable Law**

As the removing party, State Farm "bears the burden of establishing federal jurisdiction, and this Court must 'interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).  "A plaintiff typically may choose [her] own forum, but [she] may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Id.* at 763.  Such joinder is considered fraudulent, and improperly joined defendants are disregarded for purposes of removal and remand. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999).  "Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Hoosier Energy Rural Electric Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994) (quotation marks and citation omitted).  Where, as here, there is no allegation of outright fraud, the defendant seeking to prevail on a claim of fraudulent joinder must show, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original).  This is a "heavy burden" requiring the defendant to establish that a claim against the in-state defendant "simply has no chance of success." *Id.*

II.  **Discussion**

State Farm removed this case to our court on the basis of diversity jurisdiction, arguing that the non-diverse defendants named in the complaint, Ms. Jamison and Mr. Kwiatkowski, were fraudulently joined by Ms. Scott in order to destroy complete diversity and, accordingly the Court should disregard their citizenship for purposes of removal.  Ms. Scott seeks remand, arguing that State Farm has not established that she fraudulently joined the non-diverse defendants and that the Court cannot exercise diversity jurisdiction over this case because complete diversity does not exist.  As explained below, we find that State Farm has not satisfied its burden to demonstrate that the fraudulent joinder doctrine should apply here, and thus, we must remand the case to the Marion Superior Court.

We first address the bad faith claim alleged against Ms. Jamison.  We agree with State Farm that Indiana law is clear that "an employee of an insurer may not be held individually liable for the tort of bad faith." *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875 (7th Cir. 1999).  However, as Ms. Scott argues and as our court has previously recognized, we are not aware of any Indiana case, nor have the parties pointed us to one, directly holding that "there could be no liability under a civil conspiracy theory for conspirators who were not insurers." *Carter v. State Farm Fire and Cas. Co.*, 850 F. Supp. 2d 946, 954 (S.D. Ind. 2012).  Ms. Scott contends that, because it is an open question of Indiana law whether an individual can be held liable for the damages arising from a civil conspiracy to commit the tort of bad faith and that she has alleged sufficient facts to support a plausible claim that Ms. Jamison conspired with State Farm to deny her claim in bad faith, there can be no finding of fraudulent joinder.

5

In response, State Farm contends that, even if such an open question exists under Indiana law, it does not matter because Ms. Scott's complaint does not include any civil conspiracy claim. However, although it is true that the complaint contains no reference to civil conspiracy, "there is no rule requiring parties to plead legal theories or elements of a case." *Miller v. Riverside RV, Inc.*, 455 F. Supp. 3d 813, 829 (N.D. Ind. 2020) (citing *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 675 (7th Cir. 2019)). Indiana law defines a civil conspiracy as "a combination of two or more persons, by concerted action, to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." *Huntington Mortgage Co. v. DeBrota*, 703 N.E.2d 160, 168 (Ind. Ct. App. 1998). Civil conspiracy "is not an independent cause of action" and must instead "be alleged with an underlying tort." *Heyser v. Noble Roman's, Inc.*, 933 N.E.2d 16, 20 (Ind. Ct. App. 2010).

Here, Ms. Scott has alleged that State Farm and Ms. Jamison acted together to improperly deny her claim in bad faith by making unfounded accusations against her unsupported by sufficient evidence, by repeatedly ignoring her compliance with the terms and conditions of the Policy, and by requesting that she produce unnecessary, duplicative, and irrelevant materials to cause an unfounded delay in making payment or otherwise processing her claim. Given the unsettled issue of Indiana law as to "whether a non-insurer may be held liable for knowingly assisting an insurer in the commission of the tort of bad faith claims handling," *Carter*, 850 F. Supp. 2d at 954, and since at this early point in this litigation all issues of fact and law must be resolved in favor of Ms. Scott, we cannot conclude that "there is no possibility" that Ms. Scott can establish a cause of

action against Ms. Jamison. The existence of just one potentially viable claim against either of the non-diverse defendants is enough to destroy diversity.[1] Accordingly, given that the removal statute is narrowly construed and any doubts about removal must be resolved in favor of remand, this action must be remanded. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

### III. Conclusion

For the reasons detailed above, Plaintiff's Motion to Remand [Dkt. 15] is <u>GRANTED</u>. This case is hereby <u>REMANDED</u> to Marion Superior Court. The Clerk of Court is hereby directed to effect this remand under cause number 49D06-2405-PL-023738 as promptly as possible.

IT IS SO ORDERED.

Date: 10/23/2024

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] There being no reason to review in similar fashion the specific claims against Mr. Kwiatkowski, we decline to do so.

Distribution:

Edmund Leonard Abel
LEWIS WAGNER, LLP
eabel@lewiswagner.com

William David Beyers
BUCHANAN & BRUGGENSCHMIDT, P.C.
bbeyers@bbinlaw.com

Michael Robert Giordano
LEWIS WAGNER, LLP
mgiordano@lewiswagner.com

Bradley C. Lohmeier
SAEED & LITTLE LLP
bradley@sllawfirm.com

Rachel O. Webster
Saeed & Little LLP
rwebster@cmlawfirm.com